. PARISI v MICHIGAN TOWNSHIPS ASSOCIATION

Docket No. 61662. Submitted November 5, 1982, at Lansing.—Decided February 25, 1983. Leave to appeal denied, 417 Mich 1100.16.

The Michigan Townships Association brought an action in the Ingham Circuit Court against its former Executive Director, Joseph A. Parisi, Jr., alleging that Parisi had misappropriated the association's funds and committed other wrongful acts. The jury found in Parisi's favor and a judgment was entered accordingly. The association appealed to the Court of Appeals; which affirmed in an unpublished per curiam opinion. Parisi thereafter brought an action in the Ingham Circuit Court against the association alleging malicious civil prosecution. The association moved for and was granted an accelerated judgment because the statutory period of limitation had run. The trial court, Robert Holmes Bell, J., ruled that the action accrued when the circuit court judgment in the underlying action was entered and not when the Court of Appeals opinion affirming that judgment was rendered. Mr. Parisi appeals alleging error in the determination as to when the action accrued. *Held:*

1. An action for malicious prosecution accrues upon rendition of the final judgment on appeal. Such holding is limited to situations where the plaintiff in the underlying action has indeed pursued appellate remedies.

2. All of the elements for a malicious prosecution action have not occurred until such cause of action against the present defendant may be prosecuted to a judgment on the merits.

3. Plaintiff should have an opportunity on remand to amend his complaint to allege special injury, an essential element of a cause of action for malicious prosecution.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1] 1 Am Jur 2d, Actions § 88.

[2] 52 Am Jur 2d, Malicious Prosecution § 6.

[3] 52 Am Jur 2d, Malicious Prosecution §§ 44, 115.

When cause of action accrues, for purpose of starting the running of the statute of limitations against an action for malicious prosecution. 87 ALR2d 1047.

1. TORTS — ACCRUAL OF ACTION.

Tort actions generally accrue when all of the elements of a cause of action have occurred and can be alleged in a proper complaint.

2. MALICIOUS PROSECUTION — TORTS.

The elements of a tort action for malicious prosecution of civil proceedings are: (1) a prior proceeding terminated in favor of the present plaintiff, (2) absence of probable cause for those proceedings, (3) a purpose for bringing the prior proceedings other than that of securing the proper adjudication of the claim, and (4) injury, including special injury; all of the elements have not occurred until the cause of action against the present defendant may be prosecuted to a judgment on the merits.

3. MALICIOUS PROSECUTION — ACCRUAL OF ACTION.

An action for malicious prosecution accrues upon rendition of the final judgment on appeal where the plaintiff in the underlying action has indeed pursued appellate remedies.

*Thomas Emmett Woods,* for plaintiff.

*Foster, Swift, Collins & Coey, P.C.* (by *Theodore W. Swift, Stephen O. Schultz* and *Leonora K. Baughman),* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and ALLEN and R. L. TAHVONEN,* JJ.

PER CURIAM. Does the two-year statute of limitations governing a malicious prosecution action begin to run when the trial court enters judgment in the alleged maliciously prosecuted action or, where an appeal is taken, when the appellate decision is rendered? On December 7, 1981, the trial court ruled that the action accrued at the time the circuit court judgment was entered and granted defendant's motion for accelerated judgment. Plaintiff appeals as of right. This question of first impression in Michigan comes to us upon an

* Circuit judge, sitting on the Court of Appeals by assignment.

agreed statement of facts which has been submitted for purposes of this appeal.

In March, 1975, Joseph A. Parisi, Jr. (plaintiff), left his position as Executive Director of Michigan Townships Association (defendant). The association filed suit against Parisi on December 11, 1975, alleging that Parisi had misappropriated the association's funds and committed other wrongful acts. A jury verdict was rendered in Parisi's favor and judgment was entered May 3, 1979. The association appealed that judgment and this Court affirmed the jury verdict in an unpublished per curiam opinion released July 8, 1980. On September 16, 1981, Parisi filed the instant action against the association for malicious civil prosecution. The association moved for and was granted an accelerated judgment because the statute of limitations had run. The parties agree that the limitations period is two years pursuant to MCL 600.5805; MSA 27A.5805. The dispute is whether the action accrued May 3, 1979, when the circuit court judgment was entered, as the lower court ruled in the instant case, or whether it accrued July 8, 1980, when this Court's opinion affirming the circuit court's judgment was rendered. We hold that the action accrued on July 8, 1980, and reverse.

As a general rule, tort actions accrue when all the elements of a cause of action have occurred and can be alleged in a proper complaint. *Campbell v Detroit,* 51 Mich App 34; 214 NW2d 337 (1973); *Lefever v American Red Cross,* 108 Mich App 69;. 310 NW2d 278 (1981). The elements of a malicious prosecution action are: (1) a prior proceeding terminated in favor of the present plaintiff, (2) absence of probable cause for those proceedings, (3) a purpose for bringing the prior proceedings other than that of securing the proper adjudi-

cation of the claim, and (4) injury, including special injury. *Friedman v Dozorc,* 412 Mich 1, 48; 312 NW2d 585 (1981).

Courts of other jurisdictions which have considered this issue are divided on whether the first element, termination of the prior proceeding in favor of the present plaintiff, occurs upon rendition of the judgment in the original action or when the appeal is decided. See cases collected in Anno: 41 ALR2d 863, and Anno: 87 ALR2d 1047. In *Commercial Credit Corp v Ensley,* 148 Ind App 151; 264 NE2d 80 (1970), the Indiana Court of Appeals, when faced with the exact issue raised here, said:

"In Indiana, under our statutory appeal, the suit is not legally terminated until it has been finally decided by our court of appeals to which it is finally submitted, and its opinion certified to the trial court.

"Appellant also relies upon *Waring v Fletcher,* 152 Ind 620; 52 NE 203 (1899). Appellant cites *Waring* for the proposition that an appeal in the State of Indiana, without filing an appeal bond, does not suspend the judgment from which the appeal is taken. We are in complete agreement with that statement and agree that it is the law in Indiana. However, that is not the issue here—the question to be decided in this appeal is *when* the action for malicious prosecution accrued.

"Where a litigant is prevented from *enforcing* his remedy because of pending legal proceedings, the time during which he is thus prevented will not be counted against him in determining whether a statute of limitations has barred his action. * * *

"It is true that appellees could have filed the suit for malicious prosecution before the outcome of the pending appeal—instituted by appellant—was known. We are of the opinion, however, that appellees could not have *enforced* their remedy until *final disposition* of the attachment proceedings [the underlying action] * * *. To hold appellees' action was barred by the statute of

limitations would have the effect of forcing parties to initiate litigation with the full knowledge that it may be made groundless. This we will not do.

"We are in agreement with Comment on Clause (b) of 3 Restatement Torts, § 674, pp 444-445 (1938), which is as follows:

" 'g. *Termination in favor of the person against whom civil proceedings are brought.* Civil proceedings may be terminated in favor of the person against whom they are brought under the rule stated in Clause (b), (1) by the favorable adjudication of the claim by a competent tribunal, or (2) by the withdrawal of the proceedings by the person bringing them, or (3) by the dismissal of the proceedings because of his failure to prosecute them. A favorable adjudication may be by a judgment rendered by a court after trial or upon demurrer or its equivalent. In either case the adjudication is a sufficient termination of the proceedings, unless an appeal is taken. *If an appeal is taken, the proceedings are not terminated until the final disposition of the appeal and of such further proceedings as it may entail.'* (Emphasis supplied.)

"Our decision regarding the statute of limitations is only applicable to suits for malicious prosecution. Justice would· be defeated if we were to hold that the statute of limitations began to run *before* an essential element of malicious prosecution, final termination in favor of the plaintiff, occurred." 148 Ind App 160-161; 264 NE2d 85-86. (Emphasis in original.)

In *Levering v National Bank of Morrow County,* 87 Ohio St 117; 100 NE 322 (1912), the Ohio Supreme Court appears to have reached a contrary result:

"The general rule is that until the original suit between the parties has been legally terminated in favor of the plaintiff in the malicious prosecution action, the latter has no remedy, because until that point is reached no presumption of malice and want of probable cause arises. That presumption arises *eo instante* when the court which has jurisdiction of the original

action renders judgment for the defendant, the plaintiff in the malicious prosecution case. A proceeding in error could not affect the right of the defendant to bring his action for malicious prosecution; because if the judgment in his favor should be affirmed by the reviewing court, the presumption in his favor continues, and if the judgment should be finally reversed, that may be pleaded as a defense to the pending action for malicious prosecution. The pendency of a proceeding in error may be a good reason for a stay of proceedings in the action for malicious prosecution until the error proceeding is disposed of, but it would be no reason for dismissing the petition for damages on account of malicious prosecution." 87 Ohio St 122; 100 NE 323.

The *Levering* decision was distinguished in *Commercial Credit, supra,* as turning on the difference between a "proceeding in error", by which the original case is brought up to the superior court for review *de novo* upon the facts and the law merely by giving notice to the adverse party and giving a bond in the trial court, and a "statutory appeal" under the applicable Ohio statutes, although this distinction was deemed without substance in *Miami Trace Local School Dist Bd of Ed, Fayette County v Marting,* 7 Ohio Misc 64; 217 NE2d 712 (1966). In *Marting,* the Ohio Court of Common Pleas held that the period of limitation for an action of malicious prosecution is not tolled while an appeal is pending since "a judgment of a court speaks from the time it is entered upon its journal unless, and until, it is vacated, modified or reversed by a court of superior jurisdiction". 7 Ohio Misc 72; 217 NE2d 718.

Finally, in *Soble v Kallman,* 57 Cal App 3d 719; 129 Cal Rptr 373 (1976), the California Court of Appeals held that an action for malicious prosecution accrues at the time judgment on the underlying action was entered in the trial court. The court

reasoned that once a trial judge has entered judgment in the present plaintiff's favor in the alleged malicious action, that the plaintiff's right to bring suit for malicious prosecution is complete, "even if not perfect", and lack of finality in the underlying judgment is a matter to be raised as a defense to a malicious prosecution suit. Plaintiff stresses, however, that *Soble* involved a plaintiff's claim that California's one-year period of limitation for malicious prosecution actions should be extended by the six-month period for filing an appeal *where the defendant never appealed the original suit.*

We recognize there are strong policy reasons for holding that the action accrued upon entry of judgment in the trial court. As defense counsel so competently argues, if the limitation period does not commence until disposition of applications for leave to appeal to the Supreme Court and applications for rehearing, plaintiff's cause of action could survive ad infinitum. Defendant points out that such a holding would frustrate the purpose of limitations periods, namely, to prevent the bringing of stale claims which are difficult to prove and defend, especially where, as here, the intent of the parties and their possibly malicious motives are critical. Defendant suggests that the trial court would probably grant a stay of the malicious prosecution suit pending the resolution of the underlying suit on appeal. Thus, the plaintiff need not engage in costly litigation pending the outcome of the underlying suit on appeal, and, by requiring the plaintiff to file within two years of the rendition of the judgment in the trial court, the defendant would at least be put on notice to preserve evidence for the possibility of eventual litigation of an action for malicious prosecution.

After careful consideration of the cases from

other jurisdictions and both counsels' public policy arguments, we believe that the ends of justice will be better served by our holding that an action for malicious prosecution accrues upon rendition of the final judgment on appeal. We limit our holding to situations where the plaintiff in the underlying action has indeed pursued appellate remedies. We agree with the reasoning in *Commercial Credit, supra,* that all of the elements for malicious prosecution have not occurred until such cause of action against the present defendant may be prosecuted to a judgment on the merits. Since there is no certainty that a stay would be granted, though a stay could be granted until the appellate disposition, we believe it a waste of judicial resources and inequitable to require the present plaintiff (the defendant and winning party at trial) to file a suit which could be rendered meaningless. This is especially true where resolution of the underlying suit is prolonged by the present defendant's continued challenges. We also note that evidence of malicious intent may come to light and additional damages may accrue from the present defendant's continued prosecution of the underlying action through appellate review.

The association argues that even if the order granting accelerated judgment was improper, we should affirm because summary judgment for failure to state a cause of action should have been granted due to plaintiff's failure to allege special injury in his complaint. *Friedman v Dozorc, supra,* which makes it clear that special injury is an essential element of an action for malicious prosecution, was decided only two weeks before accelerated judgment was granted in this case. We decline to affirm on this basis since the association had not raised this issue below, and plaintiff may

have been able to amend his complaint to cure the defect. The association may raise this issue upon remand with a motion for summary judgment, but plaintiff should then have an opportunity to amend his complaint. GCR 1963, 118.1.

For the above reasons, the order granting accelerated judgment is reversed and the matter remanded. Costs to plaintiff-appellant.