FORET, Judge.
Plaintiff-appellant, Madeline Rabalais, filed suit against Goudchaux Maison Blanche, defendant-appellee, seeking damages for false arrest and malicious prosecution. Goudchaux’s motioned the court for summary judgment on July 14, 1986. The trial court granted this motion, dismissing the lawsuit with prejudice.
Madeline Rabalais is a former employee of Goudchaux’s at its Lafayette store. Representatives of Goudchaux’s brought certain evidence to the district attorney’s office in Lafayette Parish that provided the basis for Madeline’s arrest and prosecution on theft charges. On April 9, 1986, Madeline entered a plea of guilty to misdemean- or theft and was sentenced to one year of supervised probation. Additionally, the trial court ordered her to make restitution and pay a fee of $10 per month to the Department of Corrections to defray costs of probation supervision.
In Louisiana, to maintain an action for malicious prosecution, certain elements must be present:
1. The commencement or continuation of an original criminal or civil judicial proceeding;
2. Its legal causation by the present defendant.
3. Its bona fide termination in favor of the present plaintiff.
4. The absence of probable cause for such proceeding.
5. The presence of malice.
6. Damages.
Blackwell v. Blackwell, 479 So.2d 1085 (La.App. 3 Cir.1985).
*773 The record reflects that the trial court refused to accept a plea of nolo con-tendré, and appellant thereafter entered an unconditional plea of guilty to misdemean- or theft. Therefore, appellant stands convicted of a criminal offense, and this conviction arose out of the incident for which she was arrested. This being the case, appellant cannot demonstrate a bona fide termination of the criminal proceedings in her favor. Therefore, she cannot maintain an action for malicious prosecution.
As for appellant’s claim for damages for false arrest, there is no evidence in the record to indicate a wrongful detention by the people at Goudchaux’s, Inc. The method and extent of inquiry by the employees of Goudchaux’s, Inc. is not of record. Clearly, there was probable cause to detain and question appellant in light of the fact that a guilty plea was entered in this case. We therefore find that the trial court’s judgment dismissing appellant’s action for false arrest was also proper.
Because there exists no genuine issue as to any material fact in these proceedings, and appellee is entitled to judgment in its favor as a matter of law, the trial court was correct in granting a summary judgment in favor of appellee and dismissing the suit, with prejudice. Costs of this appeal are assessed against appellant.
AFFIRMED.