COX v WILLIAMS

Docket No. 202261. Submitted December 3, 1998, at Detroit. Decided January 12, 1999, at 9:05 A.M.

Shawn P. and Lisa Cox brought an action in the Macomb Circuit Court against Angela Williams and Chris Charlton, alleging malicious prosecution on the basis of a criminal complaint filed by Williams alleging that Shawn physically assaulted her. Shawn was charged with fourth-degree criminal sexual conduct and was bound over for trial after the police obtained a corroborating statement from Charlton. The criminal charges were dismissed pursuant to the prosecutor's motion after Williams refused to testify and stated she did not want to pursue the action. Williams filed a countersuit in the malicious prosecution action, alleging assault and battery. The defendants moved for summary disposition on the ground that the underlying proceedings had not been terminated in favor of Shawn. The court, George E. Montgomery, J., granted the motion. The plaintiffs appealed by leave granted, and the Court of Appeals stayed further proceedings in the trial court pending resolution of the appeal.

The Court of Appeals *held*:

Dismissal of criminal charges at the request of the prosecutor or the complaining witness constitutes a termination of the proceedings in favor of the accused for purposes of a subsequent action by the accused alleging malicious prosecution. The order granting summary disposition must be reversed and the matter must be remanded to the trial court.

Reversed and remanded.

MALICIOUS PROSECUTION — TERMINATION OF CRIMINAL PROCEEDINGS IN FAVOR OF THE PLAINTIFF.

The plaintiff in an action for malicious prosecution has the burden of proving that the defendant initiated a criminal prosecution against the plaintiff, the criminal proceedings terminated in the plaintiff's favor, the private person who initiated or maintained the prosecution lacked probable cause for the action, and the action was undertaken with malice or a purpose in instituting the criminal claim other than bringing the offender to justice; dismissal of the criminal charges at the request of the prosecution or the com-

plaining witness constitutes a termination of the proceedings in favor of the plaintiff as required for a malicious prosecution action.

*Law Offices of David S. Steingold* (by *David S. Steingold* and *Tracie D. Palmer*), for the plaintiffs.

*Blake, Kirchner, Symonds, MacFarlane, Larson & Smith, P.C.* (by *Christopher G. Manolis* and *Richard P. Smith*), for the defendants.

Before: DOCTOROFF, P.J., and SAWYER and FITZGERALD, JJ.

FITZGERALD, J. Plaintiff[1] appeals by leave granted the order granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(10) in this action for malicious prosecution. The trial court granted the motion on the basis that plaintiff could not show that the underlying criminal proceeding had terminated in favor of plaintiff. We reverse and remand.

On February 25, 1995, defendant Angela Williams filed a criminal complaint alleging that she was physically assaulted by plaintiff at a bar on July 29, 1994. The police obtained a corroborating statement from defendant Chris Charlton. As a result, plaintiff was charged with one count of fourth-degree criminal sexual conduct,MCL 750.520e(1)(b); MSA 28.788(5)(1)(b), and was bound over for trial as charged. Plaintiff refused every offer of compromise made by the prosecution and was prepared to begin trial on March 5, 1996. On February 27, 1996, Williams sent a note to

---

[1] Use of the singular term "plaintiff" refers to Shawn Patrick Cox. For clarification, "plaintiff" will also refer to Cox as the defendant in the underlying criminal proceeding. Lisa Cox has alleged a derivative claim for loss of consortium.

the investigating officer indicating that she did "not wish to pursue this case any further. Sorry for the inconvenience." Following plaintiff's final refusal to plead guilty on the date set for trial, the prosecutor moved for dismissal of the charges on the basis of Williams' refusal to testify.

Plaintiff subsequently filed the present suit. He alleged that he and Charlton had been business partners in CTC Distribution: The Charlton Group and that Williams was a former clerical employee of the business. In the fall of 1994, plaintiff terminated his business relationship with Charlton and threatened legal action against Charlton. The last contact between plaintiff and Charlton occurred in February 1995. Two weeks after the final contact, Williams filed her criminal complaint. Plaintiff alleged that Williams and Charlton conspired to make the false allegations against him in retaliation for his departure from the business and circumstances surrounding the termination of the business relationship.

Williams filed a counterclaim alleging, inter alia, assault and battery. Defendants moved for summary disposition on the ground that the underlying criminal proceeding was not terminated in favor of plaintiff. The trial court agreed, finding that criminal proceedings are terminated in favor of the accused only by acquittal. Because the criminal charge was dismissed because of the complainant's desire not to testify, the court declined to find that the dismissal was tantamount to an acquittal or termination in favor of plaintiff and dismissed plaintiff's action.[2]

---

[2] Williams' counterclaim against plaintiff for assault and battery was not affected by the summary disposition ruling and therefore remains viable. However, the counterclaim is so closely related to plaintiff's malicious

Plaintiff argues that the trial court erred in ruling that the underlying criminal proceeding was not terminated in favor of plaintiff. Whether a complaining witness' refusal to testify, which results in dismissal by the prosecution of criminal charges, constitutes termination of a criminal proceeding in favor of the plaintiff for purposes of a malicious prosecution action concerns an issue of law that we review de novo. *People v Price*, 214 Mich App 538, 542; 543 NW2d 49 (1995). In an action for malicious prosecution, the plaintiff has the burden of proving (1) that the defendant has initiated a criminal prosecution against him, (2) that the criminal proceedings terminated in his favor, (3) that the private person who instituted or maintained the prosecution lacked probable cause for his action, and (4) that the action was undertaken with malice or a purpose in instituting the criminal claim other than bringing the offender to justice. *Matthews v Blue Cross & Blue Shield of Michigan*, 456 Mich 365, 378; 572 NW2d 603 (1998). This case concerns only the second element—whether the criminal proceeding that gave rise to this malicious prosecution action was terminated *in favor of* plaintiff.

2 Restatement Torts, 2d, § 658, pp 416-417, provides, consistent with Michigan law, that a basic element of a cause of action for malicious prosecution is the termination of the criminal proceedings in favor of the accused. The Restatement explains in § 659, p 417, that criminal proceedings are terminated in favor

prosecution claim that if this Court reversed the trial court's dismissal of plaintiff's claim the counterclaim would likely have to be retried. Hence, this Court stayed further proceedings below pending resolution of this interlocutory appeal.

of the accused by (1) a discharge by a magistrate at a preliminary hearing, or (2) the refusal of a grand jury to indict, or (3) the formal abandonment of the proceedings by the public prosecutor, or (4) the quashing of an indictment or information, or (5) an acquittal, or (6) a final order in favor of the accused by a trial or appellate court. In accordance with the Restatement, courts of other jurisdictions have generally held that a proceeding is terminated in favor of the accused where its final disposition suggests that the accused is innocent. See, e.g., *Loeb v Teitelbaum*, 77 AD2d 92, 99-101; 432 NYS2d 487 (1980), mod on other grounds 80 AD2d 838; 439 NYS2d 300 (1981), wherein the court reasoned that a complaining witness' abandonment of the charges or failure to appear implied a lack of reasonable grounds for prosecution and thus was a favorable termination of the proceedings. Similarly, in *Weissman v K-Mart Corp*, 396 So 2d 1164, 1168 (Fla App, 1981), the court held that the failure of the complaining witness to appear and prosecute, which resulted in the dismissal of a criminal charge against the accused, was a bona fide dismissal as long as the criminal defendant did not bargain for the dismissal. Further, in *Ash v Ash*, 72 Ohio St 3d 520, 521-524; 651 NE2d 945 (1995), the court held that an unconditional, unilateral dismissal of criminal charges or an abandonment of a prosecution by the prosecutor or the complaining witness that results in the discharge of the accused generally constitutes a termination in favor of the accused. Moreover, Oregon courts have adopted the rule that favorable termination for purposes of a malicious prosecution action is satisfied where the prosecution is abandoned, either by

the prosecuting attorney or the complaining witness. *Gumm v Heider*, 220 Or 5; 348 P2d 455 (1960).

The preceding cases demonstrate the general rule that dismissal of criminal charges at the instance of the prosecutor or the complaining witness implies a lack of reasonable ground for prosecution and is a favorable termination of the proceeding for purposes of a malicious prosecution cause of action. See also 52 Am Jur 2d, Malicious Prosecution, §§ 34-36, p 208, which, in § 36, p 208, states in part:

> [A] dismissal of a prosecution and discharge of the accused by a trial court, without a trial on the merits, is such a termination as will sustain an action for malicious prosecution, unless the dismissal was procured by the accused as a favor. A dismissal procured by the complainant or at the request of the prosecuting attorney is a sufficient termination, as is a dismissal on motion of the accused.

We adopt the rationale of the cited cases to hold that dismissal of criminal charges at the request of the prosecution or the complaining witness constitutes a termination of the proceedings in favor of the plaintiff as required for a malicious prosecution action.[3] Because in the present case there is no dispute that the dismissal of the criminal charges against

---

[3] Although not directly on point, we note that in *Parisi v Michigan Twps Ass'n*, 123 Mich App 512; 332 NW2d 587 (1983), this Court dealt with a malicious prosecution complaint based on a prior jury verdict in the plaintiff's favor in a civil case involving alleged misappropriation of the defendant's funds. The malicious prosecution action involved a statute of limitations issue. However, in quoting from an Indiana Court of Appeals decision, this Court appears to have approved a statement from the Restatement of Torts that indicates that termination of the prior proceeding in favor of the plaintiff in the malicious prosecution action includes termination of the prior proceeding " 'by the withdrawal of the proceedings by the person bringing them' " or " 'by the dismissal of the proceed-

the plaintiff resulted from the complaining witness' refusal to testify, the trial court erred in summarily dismissing plaintiff's malicious prosecution action.

Defendants contend, however, that dismissal of the charges occurred after an agreement was reached between plaintiff and the prosecutor. Generally, courts have held that where termination results from a compromise or settlement or is brought about by an action of the accused as a courtesy or favor or by some act of the accused that prevents the litigation, there is no favorable termination that will serve as a basis for a cause of action for malicious prosecution. See *Piper v Scher*, 221 NJ Super 54, 58-60; 533 A2d 974 (1987). However, defendants have failed to support their contention by presenting evidence that the charges were dismissed pursuant to an agreement between plaintiff and the prosecutor.

Reversed and remanded. Jurisdiction is not retained.

---

ings because of his failure to prosecute them.'" *Id.* at 516 (citation omitted).