(August 13, 2001)

■ FRANK BARTONE et al., Respondents, v COUNTY OF NASSAU et al., Appellants, et al., Defendant. [729 NYS2d 171] —In an action, *inter alia,* to recover damages for false arrest, malicious prosecution, and violations of civil rights, the defendants County of Nassau, the Nassau County Police Department, Daniel McKenna, Dolores K. Sharpe, Michael O'Mara, J. Coupe, D. Murphy, "John" Russel, "John" Themistolleus, Scott Majka, Omni Mantyla, Michael Oggeri, "John" Schoepp, Thomas M. Skelly, A. "Jaskso," Tom Mirenda, and "John" Matthews appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), dated August 7, 2000, as granted those branches of the plaintiffs' motion which were for leave to serve supplemental summonses on the defendants Daniel McKenna, Dolores K. Sharpe, Michael O'Mara, J. Coupe, D. Murphy, "John" Russel, "John" Themistolleus, Scott Majka, Omni Mantyla, Michael Oggeri, "John" Schoepp, Thomas M. Skelly, A. "Jaskso," Tom Mirenda, and "John" Matthews and for leave to amend the complaint with respect to the allegations against these defendants.

Ordered that the appeals by the defendants County of Nas-

sau and the Nassau County Police Department are dismissed, as those defendants are not aggrieved by the portions of the order appealed from; and it is further,

Ordered that the order is reversed insofar as appealed from by the individual appellants, and those branches of the plaintiffs' motion which were for leave to serve supplemental summonses on the individual appellants and for leave to amend the complaint with respect to the allegations against them are denied; and it is further,

Ordered that the individual appellants are awarded one bill of costs.

On August 31, 1997, the plaintiff Frank Bartone was arrested after Michael Marx, a patron of a club in Merrick, informed police officers that Bartone had slapped him and pushed him against a wall. Following his arrest, Bartone admittedly kicked out the window of the police car in which he was being held. On November 10, 1998, he pleaded guilty to disorderly conduct in connection with a prosecution in which he was charged with, among other things, criminal mischief in the third degree.

On August 27, 1998, the plaintiffs commenced this action by filing a summons with notice. The summons with notice named, as defendants, Marx, the County of Nassau, and the Nassau County Police Department. In March 1999 the plaintiffs served a verified complaint which asserted 21 causes of action based on, among other things, malicious prosecution, false arrest, and violation of Bartone's civil rights. That complaint named the Nassau County Police Department, Police Officer Daniel McKenna, Police Officer Dolores Sharpe, and Sgt. Michael O'Mara as defendants, as well as Marx. The action against Marx was later discontinued.

On or about April 27, 1999, the County Attorney served an answer on behalf of the County of Nassau (improperly sued as the Nassau County Police Department), and on behalf of the three officers named as defendants. More than a year passed without any discovery. On or about June 21, 2000, the plaintiffs moved, *inter alia*, for leave to serve supplemental summonses on the 15 additional individual county-related defendants named above, and on two additional parties. The Supreme Court granted the motion, and we reverse the order insofar as it is appealed from by those individuals.

Three of the 15 proposed additional defendants noted above, with respect to whom the plaintiffs sought, and obtained, leave to serve supplemental summonses, were named in the original complaint and have appeared by counsel. Pursuant to CPLR

305 (a), a supplemental summons is to be served upon a party where the court directs that a new party be joined in the action and the order is not made on the new party's motion. The service of a supplemental summons on a party against whom an action is already pending is not contemplated by this statute.

With respect to the remaining 12 individual appellants, there was no evidentiary showing that the plaintiffs have a valid cause of action against any of these individuals (*see, Citarelli v American Ins. Co.,* 282 AD2d 494; *Leszczynski v Kelly & McGlynn,* 281 AD2d 519; *Curran v Auto Lab Serv. Ctr.,* 280 AD2d 636; *Heckler Elec. Co. v Matrix Exhibits-N. Y.,* 278 AD2d 279; *Morgan v Prospect Park Assocs. Holdings,* 251 AD2d 306; *Mathiesen v Mead,* 168 AD2d 736). Assuming that the verified proposed amended complaint may serve as the equivalent of an affidavit of merit (*see, Chiaffarano v Winston,* 234 AD2d 329; *Salch v Paratore,* 60 NY2d 851; *Lopez v New York City Tr. Auth.,* 205 AD2d 504; *Pollack v Eskander,* 191 AD2d 1022), there was no showing of merit with respect to the allegations against these proposed additional defendants.

There is no medical evidence to support the conclusion that, during the hours between his arrest and his examination by a doctor in the Nassau County Medical Center, Bartone was injured as the result of any supposedly negligent failure to diagnose or treat his alleged hyperglycemia, or as the result of his having been temporarily handcuffed to a bench. Nor is there merit to any claim based on the alleged concealment of the audiotape of a phone call placed by Bartone to the police emergency number shortly before his arrest, considering that the tape is not exculpatory, and was ultimately furnished during the course of the criminal prosecution (*cf., Labensky v County of Nassau,* 6 F Supp 2d 161, *affd sub nom. Labensky v Rozzi,* 173 F3d 845). Furthermore, Bartone's plea of guilty in the prior criminal prosecution forecloses him from asserting any cause of action based either on the common-law tort of malicious prosecution (*see, Smith-Hunter v Harvey,* 95 NY2d 191, 196), or on the corresponding constitutional tort pursuant to 42 USC § 1983 (*see, Goodson v City of Corpus Christi,* 202 F3d 730; *Rohman v New York City Tr. Auth.,* 215 F3d 208; *Roesch v Otarola,* 980 F2d 850).

The plaintiffs offered no valid excuse as to why some or all of the various proposed additional defendants could not have been named in the original complaint (*see generally, Whalen v 50 Sutton Place S. Owners,* 276 AD2d 356; *Auwarter v Malverne Union Free School Dist.,* 274 AD2d 528; *Romeo v Arrigo,* 254 AD2d 270). In fact, some of the proposed additional

defendants were mentioned by name in the text of the original complaint and accused of various, allegedly actionable wrongs, and yet, for reasons which were never adequately explained, they were not named as defendants therein. What is more, certain other individuals, specifically a "Sgt. J. Johnson" and a "Sgt. 'John' Haig," are identified in the proposed amended complaint as having had Bartone in their custody, and are referred to as defendants in the text of that complaint, but are not identified as defendants in that caption.

Under these circumstances, the Supreme Court improvidently exercised its discretion in granting those branches of the motion which were for leave to serve supplemental summonses on the individual appellants and for leave to amend the complaint with respect to the allegations against them. Santucci, J. P., Goldstein, Florio and Crane, JJ., concur.