2010 ND 202

**David VANDERSCOFF, Plaintiff
and Appellant**

**v.**

**Elaine VANDERSCOFF, Defendant
and Appellee.**

**No. 20100092.**

Supreme Court of North Dakota.

Oct. 29, 2010.

Monte Lane Rogneby (argued), Bismarck, N.D., and Robin Ann Schmidt (on brief), Watford City, N.D., for plaintiff and appellant.

Karen L. McBride (argued) and David Del Schweigert (on brief), Bismarck, N.D., for defendant and appellee.

MARING, Justice.

[¶ 1] David Vanderscoff appeals from a district court order denying his motion for reconsideration of the court's order awarding Elaine Vanderscoff $88,113 in attorney's fees and costs. We conclude the district court abused its discretion in denying David Vanderscoff's motion for reconsideration. We affirm the court's order awarding Elaine Vanderscoff attorney's fees and costs for her motion for a money judgment, and we reverse the court's order awarding Elaine Vanderscoff attorney's fees and costs for David Vanderscoff's 2007 motion to modify spousal support and the subsequent appeal.

I

[¶ 2] David and Elaine Vanderscoff divorced in 2005, and David Vanderscoff was required to pay $15,000 per month in spousal support under the terms of the divorce judgment. In 2007, David Vanderscoff moved to modify his spousal support obligation. The district court denied his motion and awarded Elaine Vanderscoff $2,000 in attorney's fees and costs. David Vanderscoff appealed. Elaine Vanderscoff cross-appealed, arguing the court erred in

only awarding her $2,000 in attorney's fees and not allowing her to present a statement of her actual costs. In *Vanderscoff v. Vanderscoff*, 2009 ND 114, 767 N.W.2d 530, this Court summarily affirmed the district court's order and held the court did not abuse its discretion in awarding the $2,000 in attorney's fees.

[¶ 3] In September 2009, Elaine Vanderscoff moved for a money judgment for unpaid spousal support and for the $2,000 in attorney's fees the district court previously ordered. As part of her motion, Elaine Vanderscoff also requested "reasonable attorney's fees and costs in connection with this motion." David Vanderscoff moved to vacate the judgment to pay spousal support, arguing he could not afford to pay the ordered amount.

[¶ 4] On October 2, 2009, the district court denied David Vanderscoff's motion and granted Elaine Vanderscoff's motion for a money judgment for the unpaid spousal support. The court also awarded Elaine Vanderscoff attorney's fees and costs:

> This Court also orders Mr. Vanderscoff to reimburse the defendant for attorney's fees and costs in the amounts of $73,316.00 for discovery fees and costs relating to the plaintiff's initial motion to amend judgment, $12,797.00 for fees and costs relating to the plaintiff's appeal to the North Dakota Supreme Court, and $2,000.00 for costs relating to Mr. Vanderscoff's current motion, totaling $88,113.00 fees and costs to be paid to Mrs. Vanderscoff.

On October 9, 2009, a money judgment consistent with the court's order was entered.

[¶ 5] On November 17, 2009, David Vanderscoff moved for reconsideration, arguing attorney's fees and costs for the 2007 motion to modify spousal support are barred by the doctrine of res judicata and

he should have been given an opportunity to rebut the amount of attorney's fees claimed for the appeal and the current motion. The court denied his motion, ruling it had discretion to award attorney's fees and costs under N.D.C.C. § 14–05–23 and the attorney's fees were not barred by res judicata.

## II

[¶ 6] David Vanderscoff argues the district court erred in denying his motion for reconsideration because the court's award of attorney's fees and costs to Elaine Vanderscoff for his 2007 motion to modify spousal support was barred by the doctrine of res judicata, and because the court abused its discretion in awarding her attorney's fees and costs for the first appeal without filing a motion for fees and without presenting evidence of the amount.

[¶ 7] We have said a motion for reconsideration may be treated as a motion to alter or amend a judgment under N.D.R.Civ.P. 59(j) or as a motion for relief from a judgment or order under N.D.R.Civ.P. 60(b). *Dvorak v. Dvorak*, 2001 ND 178, ¶ 9, 635 N.W.2d 135. Although David Vanderscoff did not specify under which rule he was moving for reconsideration, the district court treated his motion as a motion for relief under N.D.R.Civ.P. 60(b), and therefore we will review the court's decision under Rule 60(b) standards. *Cf. Dvorak*, at ¶ 9 (appeal reviewed under Rule 60(b) standards based on defendant's argument).

[¶ 8] Under N.D.R.Civ.P. 60(b), a court may grant relief from a final judgment or order for the following reasons:

> (i) mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(iii) fraud (whether denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (iv) the judgment is void; (v) the judgment has been satisfied, released, or discharged, or a previous judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (vi) any other reason justifying relief from the operation of the judgment.

■ [¶ 9] Although the parties' briefs failed to address what standard of review should apply and guide our review of this case, a court has discretion in deciding whether to grant a motion for relief from a judgment or order under N.D.R.Civ.P. 60(b), and the court's decision will not be reversed on appeal absent an abuse of discretion. *Martinson v. Martinson*, 2010 ND 110, ¶ 22, 783 N.W.2d 633. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law. *In re I.K.*, 2003 ND 101, ¶ 8, 663 N.W.2d 197. When we review a court's decision on a motion for relief, we determine whether the court abused its discretion in ruling the moving party did not establish sufficient grounds for disturbing the judgment or order. *Martinson*, at ¶ 22. Whether the court abused its discretion is never assumed and must be affirmatively established. *I.K.*, at ¶ 10.

[¶ 10] The district court denied David Vanderscoff's motion, ruling the award of attorney's fees and costs was not based on a mistake under N.D.R.Civ.P. 60(b) because the court had discretion to award attorney's fees and costs under N.D.C.C. § 14–05–23:

Following the North Dakota Supreme Court's opinion affirming this Court's Order denying Plaintiff's motion to amend, Defendant moved for entry of money judgment for unpaid spousal support. In that motion, Defendant also requested reasonable attorney's fees and costs for the motions submitted at that time by the Plaintiff, as well as $2,000 in attorney's fees and costs that had been returned to Plaintiff's former counsel because of the filing of Plaintiff's appeal and Defendant's cross-appeal. In its September 30, 2009 Order, the Court then used its discretion pursuant to section 14–05–23 of the North Dakota Century Code to award attorney's fees, while segregating the $2,000 award of attorney's fees and costs previously awarded by this Court and affirmed by the North Dakota Supreme Court on June 30, 2009.

Further, in writing and considering its previous Orders in this case, the Court carefully reviewed all filings and motions, Plaintiff's education and earning capacity, and that Plaintiff was not retired. The Court thereafter determined that Plaintiff was able to pay that which was awarded to Defendant. It was also apparent to the Court that as a result of Plaintiff's several motions, Defendant was incurring substantial attorney's fees and costs. Upon carefully reviewing Defendant's request for attorney's fees and costs, and Defendant's attached affidavit outlining recently incurred attorney's fees and costs, this Court determined the same to be reasonable.

(Citations omitted). The court also addressed David Vanderscoff's argument that the fees and costs awarded for the 2007 motion to modify spousal support are barred by res judicata:

This Court did not disturb the Supreme Court's judgment concerning the $2,000 attorney's fees and costs owing to Defendant. That amount was segregated from this Court's award of attorney's fees based on Defendant's subsequent

motion and affidavit requesting costs, and reasserted as still owing by the Plaintiff in the Court's September 30, 2009 Order. Using its discretion pursuant to section 14–05–23, the Court awarded attorney's fees and costs as requested by Defendant's Motion for Monetary Judgment.

[¶ 11] " 'Res judicata, or claim preclusion, prevents relitigation of claims that were raised, or could have been raised, in prior actions between the same parties or their privies.' " *Riverwood Commercial Park, L.L.C. v. Standard Oil Co., Inc.*, 2007 ND 36, ¶ 13, 729 N.W.2d 101 (quoting *Ungar v. North Dakota State Univ.*, 2006 ND 185, ¶¶ 10–11, 721 N.W.2d 16). When there is a valid, existing final judgment from a court of competent jurisdiction, it is " 'conclusive with regard to claims raised ... as to [the] parties and their privies in all other actions.' " *Riverwood*, at ¶ 13 (quoting *Ungar*, at ¶¶ 10–11). " 'Under res judicata principles, it is inappropriate to rehash issues which were tried or could have been tried by the court in prior proceedings.' " *Laib v. Laib*, 2010 ND 62, ¶ 10, 780 N.W.2d 660 (quoting *Wetch v. Wetch*, 539 N.W.2d 309, 311 (N.D. 1995)). "The doctrine of res judicata 'bar[s] courts from relitigating claims and issues in order to promote the finality of judgments, which increases certainty, avoids multiple litigation, wasteful delay and expense, and ultimately conserves judicial resources.' " *Riemers v. State*, 2008 ND 101, ¶ 7, 750 N.W.2d 407 (quoting *Ungar*, at ¶ 10).

[¶ 12] In the prior appeal, Elaine Vanderscoff argued the district court erred in awarding her a flat amount for attorney's fees and costs without giving her the opportunity to submit a statement of her actual costs. This Court affirmed the district court's decision on attorney's fees, holding the court did not abuse its

discretion. The issue of the amount of Elaine Vanderscoff's attorney's fees and costs for David Vanderscoff's 2007 motion to modify spousal support was decided in the prior proceedings and appeal, and therefore res judicata precluded the court from ordering additional attorney's fees and costs. We conclude the court misapplied the law in ruling res judicata did not apply and finding it had discretion to award attorney's fees and costs for the 2007 motion.

[¶ 13] The court also erred in finding the award of Elaine Vanderscoff's attorney's fees and costs for the first appeal was not based upon a mistake. As part of her motion for a money judgment, Elaine Vanderscoff requested the court enter a money judgment including the $2,000 in attorney's fees previously awarded and reasonable fees and costs for her current motion. In the affidavit supporting her motion, she said:

I respectfully request that the Court order the Plaintiff to reimburse me for my attorney's fees and costs for the necessity of filing this motion. The costs involved for me with Plaintiff's prior motion to amend the judgment involved extensive discovery to attempt to identify his multiple real estate purchases, and came to a total of $73,316 in fees and costs, including some experts and appraisers paid directly by me. Plaintiff's subsequent unsuccessful appeal to the North Dakota Supreme Court required me to incur additional fees and costs in the amount of $12,797. Additionally, although Plaintiff did initially tender the $2,000 cost award made in connection with his most recent motion, that check had to be returned to his counsel because of his simultaneous filing of a notice of appeal, and my cross-appeal on the issue of fees and costs. He has not reinstated payment of

that court-ordered $2,000 in costs on the prior motion, and I ask that amount be included in the Court's award of a money judgment at this time.

Elaine Vanderscoff did not request further attorney's fees and costs for David Vanderscoff's prior motion or for the subsequent appeal. The evidence does not support the court's finding that Elaine Vanderscoff requested the attorney's fees and costs the court ordered. A party must be given adequate notice and a fair opportunity to be heard on a moving party's request for attorney's fees and costs. *See Fode v. Capital RV Center, Inc.*, 1998 ND 65, ¶ 36, 575 N.W.2d 682. The court failed to give David Vanderscoff any notice or an opportunity to rebut the amount or reasonableness of the fees for the first appeal. *Cf. I.K.*, 2003 ND 101, ¶ 11, 663 N.W.2d 197 (the court did not abuse its discretion in vacating an order based on mistake and surprise when the party was not given notice of opposing party's motion for dismissal and it did not have an opportunity to prepare a rebuttal). Furthermore, Elaine Vanderscoff's affidavit in support of her motion mentions she spent $12,797 in attorney's fees and costs for the appeal, but there is no evidence in the record about the legal services performed or the amount of time spent performing those services for the court to determine the reasonableness or legitimacy of the fees. "An award of attorney fees must generally be supported by evidence upon which the court can determine the requested fees are reasonable and legitimate." *Whitmire v. Whitmire*, 1999 ND 56, ¶ 14, 591 N.W.2d 126.

[¶ 14]   Although David Vanderscoff argued in his brief that the district court erred in awarding Elaine Vanderscoff costs and fees for bringing the motion for money judgment without proof of the amount of the costs and fees, his attorney said at oral argument that he was not appealing the costs awarded for the current motion. We affirm that part of the order awarding Elaine Vanderscoff $2,000 for costs related to her motion for a money judgment and David Vanderscoff's September 2009 motion to vacate the judgment.

[¶ 15]   David Vanderscoff established sufficient grounds for disturbing the order awarding Elaine Vanderscoff attorney's fees and costs. We conclude the court abused its discretion by denying David Vanderscoff's motion to reconsider the attorney's fees awarded for the 2007 motion and appeal. We reverse the district court's order awarding Elaine Vanderscoff $73,316 for fees and costs related to the 2007 motion to modify spousal support and $12,797 for fees and costs relating to the appeal. We affirm that part of the district court's order granting Elaine Vanderscoff $2,000 for her attorney's fees for her motion for a money judgment and the $2,000 for her previously ordered attorney's fees.

### III

[¶ 16]   We affirm in part and reverse in part.

[¶ 17]   DANIEL J. CROTHERS, Acting C.J., DONOVAN J. FOUGHTY, D.J., KIRK SMITH, S.J. RICHARD L. HAGAR, D.J.

[¶ 18]   The Honorable DONOVAN JOHN FOUGHTY, D.J., the Honorable KIRK SMITH, S.J., and the Honorable RICHARD L. HAGAR, D.J., sitting in place of KAPSNER, SANDSTROM, JJ., and VANDEWALLE, C.J., disqualified.