2011 ND 161

**Randy HOLKESVIG, Plaintiff and Appellant**

v.

**Peter David WELTE, Defendant and Appellee**

**Randy Holkesvig, Plaintiff and Appellant**

v.

**Meredith Huseby Larson, Defendant and Appellee**

**Randy Holkesvig, Plaintiff and Appellant**

v.

**Christopher Smith, Defendant and Appellee.**

Nos. 20100315, 20100316, 20100317.

Supreme Court of North Dakota.

Aug. 18, 2011.

Rehearing Denied Sept. 15, 2011.

Randy Holkesvig, Fargo, N.D., self-represented.

Daniel Lee Gaustad, Grand Forks, N.D., for defendants and appellees.

VANDE WALLE, Chief Justice.

[¶ 1]  Randy Holkesvig appealed from a judgment dismissing his malicious prosecution action against Peter Welte, Meredith Larson, and Chris Smith, and awarding the defendants $1,512.41 in costs, disbursements, and attorney fees.  Because Holkesvig pled guilty to one of the charges that forms the basis for his malicious prosecution action, we conclude the district court did not err in ruling Holkesvig could not prevail in this action as a matter of law. We also conclude the court did not abuse its discretion in awarding the defendants

costs, disbursements, and attorney fees. We affirm.

I

[¶ 2] In 2008 Holkesvig was charged in Grand Forks County with stalking and violating a disorderly conduct restraining order. Welte is the Grand Forks County State's Attorney who had supervisory authority over Larson, an assistant state's attorney who was the lead prosecutor in the case against Holkesvig. Smith, a deputy sheriff with the Grand Forks County Sheriff's Office, had investigated the underlying criminal charges against Holkesvig.

[¶ 3] Holkesvig and the State reached a plea agreement under which Holkesvig agreed to plead guilty to the stalking charge in exchange for the State agreeing to dismiss the charge of violating a disorderly conduct restraining order. At the change of plea hearing, where Holkesvig was represented by counsel, an assistant state's attorney provided a factual basis for the plea. The following colloquy then occurred between the district court and Holkesvig:

> THE COURT: Thank you. Mr. Holkesvig, do you agree with these facts?
>
> THE DEFENDANT: It happened. There's plenty more to be talked about concerning Chris Moore and me. I explained some of that in my three-page letter.
>
> THE COURT: What she said happened?
>
> THE DEFENDANT: Yes.

Holkesvig pled guilty, the court found the plea was "made freely and voluntarily," the court accepted the plea agreement, and the charge of violating a disorderly conduct restraining order was dismissed. The court deferred imposition of sentence for two years and placed Holkesvig on unsupervised probation.

[¶ 4] In January 2010, Holkesvig, representing himself, filed claims against Welte, Larson, and Smith in small claims court. The claim affidavits against the three defendants and accompanying documents total several hundred pages. The defendants requested the actions be removed to district court, and the court consolidated the three actions. The defendants moved for summary judgment dismissal of the claims based on absolute prosecutorial immunity, absolute witness immunity, qualified immunity, discretionary immunity, and Holkesvig's failure to meet the elements of his claims.

[¶ 5] After noting that "[a]lthough poorly ple[ ]d, these actions essentially allege the prior prosecutions were malicious," the district court granted the defendants' motions for summary judgment. The court ruled absolute prosecutorial immunity precluded Holkesvig's causes of action against Welte and Larson, absolute witness immunity precluded Holkesvig's cause of action against Smith, and qualified immunity precluded any civil liability against the defendants. The court also concluded the malicious prosecution claims were barred because Holkesvig had pled guilty to the stalking charge and the doctrine of judicial estoppel precluded him from maintaining positions in these cases that were inconsistent with his guilty plea. The court dismissed the actions with prejudice and awarded the defendants $512.41 for their costs and disbursements.

[¶ 6] Holkesvig filed several post-judgment motions. Following a hearing, the district court denied the motions and awarded the defendants $1,000 in attorney fees as a sanction for Holkesvig's violation of N.D.R.Civ.P. 11(b), involving representations to the court.

## II

[¶ 7] Holkesvig argues the district court erred in granting summary judgment dismissal of his claims against Welte, Larson, and Smith. Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. *Missouri Breaks, LLC v. Burns*, 2010 ND 221, ¶ 8, 791 N.W.2d 33.

[¶ 8] We agree with the district court that Holkesvig's pleadings essentially allege claims for malicious prosecution. To maintain an action for malicious prosecution, Holkesvig has the burden of establishing as one of four elements of the tort that the criminal proceedings terminated in his favor. *See, e.g., Kummer v. City of Fargo*, 516 N.W.2d 294, 298 (N.D.1994); *Richmond v. Haney*, 480 N.W.2d 751, 755 (N.D.1992). A criminal proceeding has not terminated in the plaintiff's favor if the plaintiff has pleaded guilty to the underlying criminal charge. *See, e.g., Land v. Hill*, 644 P.2d 43, 45 (Colo.Ct.App.1981); *Rabalais v. Blanche*, 524 So.2d 772, 773 (La.Ct.App.1988); *Bartone v. County of Nassau*, 286 A.D.2d 354, 729 N.Y.S.2d 171, 173 (2001).

[¶ 9] It does not matter that the charge of violating a disorderly conduct restraining order was dismissed as part of Holkesvig's plea agreement with the State, because a malicious prosecution action may not be founded on charges that were dismissed as part of a plea bargain. *See, e.g., Cox v. Williams*, 233 Mich.App. 388, 593 N.W.2d 173, 175 (1999); *Alt v. Parker*, 112 N.C.App. 307, 435 S.E.2d 773, 776 (1993); *Neff v. Neff*, 247 P.3d 380, 394–96 (Utah 2011); *cf. Kossler v. Crisanti*, 564 F.3d 181, 188 (3rd Cir.2009) ("The favorable termination element is not categorically satisfied whenever the plaintiff is acquitted of just one of several charges in the same proceeding."). The *Restatement (Second) of Torts* § 660(a) (1977) explains that "[a] termination of criminal proceedings in favor of the accused other than by acquittal is not a sufficient termination to meet the requirements of a cause of action for malicious prosecution if ... the charge is withdrawn or the prosecution abandoned pursuant to an agreement of compromise with the accused." It also does not matter that Holkesvig received a deferred imposition of sentence upon his plea of guilty, because "one who acknowledges his guilt of a criminal act, even though the case is subsequently dismissed under the deferred judgment plan, may *not* use that criminal prosecution as a basis for a civil malicious prosecution action." *Land*, 644 P.2d at 45; *see also, e.g., Singleton v. City of New York*, 632 F.2d 185, 193–94 (2d Cir.1980); *Kenul v. Hollander*, 86 Misc.2d 466, 382 N.Y.S.2d 650, 651 (N.Y.Dist.Ct.1976).

[¶ 10] Because Holkesvig cannot establish that the criminal proceedings terminated in his favor, he cannot prevail as a matter of law on his malicious prosecution action. We therefore conclude the district court did not err in dismissing Holkesvig's action. In view of our disposition, it is unnecessary to address the other bases for the court's decision.

## III

[¶ 11] Holkesvig challenges the district court's award of costs, disbursements, and attorney fees in the amount of $1,512.41.

[¶ 12] An award of costs under N.D.C.C. § 28–26–10 is discretionary, and a district court's decision on an award of disbursements under N.D.C.C. § 28–26–06 will be overturned on appeal only if an

abuse of discretion is shown. *WFND, LLC v. Fargo Marc, LLC,* 2007 ND 67, ¶ 47, 730 N.W.2d 841. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law. *Vanderscoff v. Vanderscoff,* 2010 ND 202, ¶ 9, 790 N.W.2d 470. Because the defendants were prevailing parties, the court did not abuse its discretion in awarding them costs and disbursements.

[¶ 13] A district court, in its discretion, may impose sanctions for a party's violation of N.D.R.Civ.P. 11(b). *Heinle v. Heinle,* 2010 ND 5, ¶¶ 26–27, 777 N.W.2d 590. The court found, "[s]ince no proper purpose for the bulk of his post-judgment pleadings existed, and because Holkesvig has made it clear his goal is to make life as difficult and expensive as possible for defendants, the Rule 11(b) predicates for sanctions are certainly met." The court's award to the defendants of $1,000 in attorney fees as a sanction is not an abuse of discretion.

## IV

[¶ 14] It is unnecessary to address the other arguments raised by Holkesvig because they are either unnecessary to the decision or without merit. The judgment is affirmed.

[¶ 15] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.