HARVEY B. HURD, Appellant, v. CALEB SHAW, Appellee.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

The indorsement of the name of a person on the back of an indictment as a witness, is no sufficient evidence that such person was the prosecutor. Nor to establish this character need his name appear on the indictment in any way. The agency of a party as prosecutor may be established otherwise.

In a case for malicious prosecution, it must be shown that a prosecution has been tried on its merits; that the defendant was the prosecutor; that he was actuated by malice, and that there was a want of probable cause, or of that reasonable ground of suspicion a cautious man would entertain on the facts of a given case.

THIS was an action of trespass on the case for malicious prosecution.

The first and third counts in the declaration are for causing and procuring Shaw to be indicted for stealing a lot of screws, nuts, chains, crowbars, &c., of John H. Bates, and for prosecuting and causing the same to be prosecuted.

The second count of the declaration is upon the second count in the indictment, charging the property stolen to be the property of Richard Lappin.

The fourth and fifth counts are for causing the said Shaw to be indicted for obtaining goods, the property of said Hurd, by means of false pretenses.

The cause was tried at the September term, 1856, before J. M. WILSON, Judge, and a jury. Verdict, $400.

H. B. HURD, *pro se.*

E. S. WILLIAMS, for Appellee.

BREESE, J. The record in this case shows that Shaw was indicted in the Cook County Court of Common Pleas, for two offenses growing out of the same transaction, one for larceny, in

stealing the screws, chains, crowbars, etc., used in the attempt to move the house in which Shaw lived and which Hurd had purchased under an execution. These articles were the property of one Bates, who had loaned them for that purpose.

On this indictment the name of Hurd, as a witness, is not marked, though it appears he was sworn and testified on behalf of the prosecution, which resulted in the acquittal of Shaw, against strong circumstantial evidence of his guilt, especially that of his daughter, Octavia Shaw.

The other indictment was for obtaining goods under false pretenses, in which Hurd seems to have been the principal witness, and in which case no verdict was rendered, the State's attorney entering a *nolle prosequi.*

It no where appears from the evidence that Hurd was the prosecutor of this charge, or that he originated the indictment. It is not shown that he employed counsel to aid or conduct the prosecution, or that he was active in carrying it on by giving instructions, paying expenses or procuring the attendance of witnesses, or in any of those various ways in which a party may be known as a prosecutor of a criminal charge. The indorsement of his name on the indictment as a witness, is no sufficient evidence that he was the prosecutor. Nor, on the other hand, to establish this character, is it necessary his name should appear on the indictment at all, for his agency can be shown and his character established by any of the numerous acts above specified.

But if Hurd was the prosecutor, we think he had probable cause, and the weight of evidence favors the idea that Hurd did not sell the goods to Shaw on Hamilton's indorsement, but on that *and* the representations made to him by Shaw, that he was the owner of a tract of land near Chicago, which he had gone with Shaw to examine. It would seem from the testimony of Lavinia in the case, that he had made a deed to Shaw of this tract of land, for which Shaw was to pay him fifty dollars per acre, if he sold it for goods or money, but was not to put it on record. It was not put on record, but returned to Lavinia.

It would seem from this transaction, that Lavinia had placed in Shaw's hands this deed, to enable him to commit a fraud, and which it seems he did do, by getting the goods of Hurd on the strength of his representations that he was the owner of the land conveyed by it, and which he might with truth assert, for until the re-delivery of the deed to Lavinia, he was such owner. Having accomplished his purpose by it, he re-delivered the deed to his confederate, Lavinia.

The testimony of Hamilton does not make the case any better for Shaw. It seems like a combination between him, Shaw and

Lavinia, to trick some one, and Hurd seems to have been their victim.

It will be observed that no verdict was rendered on this indictment. No trial has, in fact, been had on the merits, but the prosecution was abandoned, for the reason that it turned out in evidence, that the goods, which were alleged in the indictment to belong to Hurd, were proved on the trial to belong to Conkling & Co. There has been, then, no trial on the merits.

We are inclined to the opinion, that an action for a malicious prosecution, unless actual malice be proved, should not prevail in any case where the merits have not been tried, and a verdict pronounced. Few persons will be found willing to perform the high public duty of prosecuting an offender, if they are to be subjected to the whims and caprices of the State's attorney, by whose act alone the prosecution can be abandoned at any stage, or exposed to the mistakes he may commit in preparing the indictment. The principles of policy and justice unite in support of such a rule.

But even if a verdict of acquittal on the merits be pronounced, it is not sufficient evidence of a want of probable cause, which is defined to be, a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged. *Richey* v. *McBean,* 17 Ill. R. 65 ; *Jacks* v. *Stimpson,* 13 ib. 701.

We think that, on both indictments, sufficient probable cause was shown for prosecuting them, and that being established, the defendant in this case, the appellant here, was entitled, at least, to so much of the fourth instruction as comes within the views here presented.

Whilst the courts should not discourage actions of this kind by establishing harsh rules of evidence, or by the recognition of rigid principles of law, by force of which a party may be deprived of an important remedy for a real injury, at the same time, all proper guard and protection should be thrown around those who, in obedience to the mandates of duty, may be compelled to originate and carry on a criminal prosecution, which may, from any cause, terminate in favor of the accused.

To subject him to an action, who, from praiseworthy motives and justifiable ends, sets on foot a criminal prosecution, it must be shown that the prosecution has been tried on its merits — that the defendant was the prosecutor — that he was actuated by malice, and that there was a want of probable cause, or of that reasonable ground of suspicion a cautious man would entertain on the facts of a given case.

We think the merits of this case on the proof, entirely with the appellant, and accordingly reverse the judgment and remand the cause, so that other proceedings may be had conformably to this opinion.

*Judgment reversed.*