[No. 8662.]

Hushaw v. Dunn.

1. False Imprisonment—*Plea of Guilty, Effect.* One who pleads guilty to the charge of violating a municipal ordinance cannot maintain an action for the arrest upon such charge, even though alleging malice. (111.)

2. Arrest—*Search of Prisoner.* Defendant, the town marshal. arrested plaintiff for disturbance of the peace, conducted him to the calaboose, searched him, and took from his person a sum of money. When the prisoner was brought before the magistrate the marshal returned to him the same money which he had taken. There was no evidence of any malice, or improper purpose, on the part of the officer, any use of the money, or any actual damages sustained by plaintiff.

Verdict directed for defendant, and judgment thereon affirmed. (110, 111.)

*Error to Otero District Court.* Hon. J. E. Rizer, Judge.

Mr. Thos. R. Hoffmire, for plaintiff in error.
Mr. John H. Voorhees, for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court.

The defendant in error, acting as town marshal, of the town of Fowler, on the 6th day of June, 1913, arrested the plaintiff in error, upon the charge of disturbing the peace, specifically, "by chasing, annoying and frightening Stella Dunn, —— Beckstedt and —— Barnard." The arrest was without a warrant. The time was about 8:20 o'clock in the evening. The offense committed in the presence of the officer. The officer took the prisoner to jail, searched and took from him a pocketbook and money and locked him up. The money amounted to about forty-six dollars. The next morning the officer took his prisoner before the police magistrate, made a written complaint, to which the prisoner pleaded guilty, and was fined in the sum of forty dollars and costs, amounting to $44.60.

Before plea and judgment, the marshal handed the prisoner his pocketbook, together with all the money taken from him the evening before, and out of which the prisoner paid his fine and costs. This is an action in damage by the then prisoner, plaintiff in error.

The complaint set forth two causes of action. The first for the wrongful conversion by the defendant officer, to his own use, of the plaintiff's money; and charging that in the taking, converting and retaining the money, the defendant officer, acted with wanton and reckless disregard of plaintiff's rights and feelings, and with malice toward plaintiff, and thereby wilfully committed a fraud against plaintiff. The prayer was for judgment for the sum of forty-six dollars, and for $1,000 as exemplary damages.

The second cause of action was for damages for alleged false imprisonment.

After the plaintiff had offered his testimony which disclosed the facts here recited, the court upon motion

of defendant directed a verdict in his favor, which is the only alleged error of which there is complaint.

It is clear that there was no conversion of plaintiff's money, wrongful, or otherwise, nor is there any testimony in the case which indicates that there was any intent upon the part of the officer to use, keep or convert such money, or to do otherwise with it than he did.

Counsel simply present the abstract question as to whether or not the officer had the authority under the circumstances, to search and take from the prisoner his money at the time. The title to this money is not involved, nor is there any question concerning any interest therein. The plaintiff lost none of it, defendant used none of it, and it was promptly delivered to the plaintiff on the morning after it was taken. But if we concede the contention of the plaintiff in error, that the officer was without authority to take the money from the prisoner, there was in this case no actual damage by reason of the taking in the manner and for the purpose for which it was taken, and there was not the slightest testimony as to the act being with either a malicious or fraudulent purpose or intent.

The second cause of action was for damage for false imprisonment. The plaintiff pleaded guilty to the charge against him, and the rule of law is well settled that where a person has pleaded guilty or has been convicted of a criminal charge, an action for false imprisonment will not lie. This is so universal that citation of authority is not necessary. The same rule would seem to be equally applicable where the arrest was for the violation of a municipal ordinance. Any other rule would subject arresting officers to such annoyances and injustice as to retard the proper administration of the law.

The judgment is affirmed.          *Affirmed.*

Mr. JUSTICE WHITE and Mr. JUSTICE GARRIGUES concur.