No. 10,576.

BELL LUMBER CO. v. GRAHAM.

Decided October 1, 1923.  Rehearing denied November 5, 1923.

Action for malicious prosecution.  Judgment for plaintiff.

*Reversed.*

1. MALICIOUS PROSECUTION—*Compromise.* A compromise voluntarily made, or settlement by consent of the accused, defeats a recov-

ery in an action for malicious prosecution based upon a criminal proceeding.

2.        *Probable Cause.* In an action for malicious prosecution based upon a criminal proceeding, a settlement with the accused, or fact that defendant in the civil action suffered a dismissal of the criminal case to be entered, does not show want of probable cause.

*Error to the District Court of Routt County, Hon. Gilbert A. Walker, Judge.*

Messrs. GOODING & MONSON, Mr. W. C. REILLY, for plaintiff in error.

Mr. J. M. CHILDRESS, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error had judgment against the plaintiff in error in an action for malicious prosecution. The cause is before us on error. There are several questions raised, only two of which are necessary to be considered, that is, the refusal of the court to give a requested instruction, and the giving of instruction 14.

The requested instruction was to the effect that if the jury found that the prosecution of the case against the plaintiff in the justice court was terminated by agreement, or settlement of the parties, voluntarily and understandingly made, then the verdict should be for the defendant. This instruction was refused, and no instruction covering the point was given. The instruction should have been given.

The plaintiff in this action was charged with obtaining goods under false pretenses. Before the trial was begun in the justice court, after consultation and agreement with the prosecution, plaintiff paid the bill for the goods which he is charged with having improperly obtained, and the justice was requested to dismiss the case, and did so.

It is well settled that a compromise voluntarily made,

or a settlement by the consent of the accused, defeats a recovery in an action for malicious prosecution based upon a criminal proceeding.   18 R. C. L. p. 25, and cases cited. See also *Welch v. Cheek*, 125 N. C. 353, 34 S. E. 531; *Lamprey v. Hood*, 73 N. H. 384, 62 Atl. 380; *McCormick v. Sisson*, 7 Cowen, (N. Y.) 715; *Langford v. Railroad Co.*, 144 Mass. 431, 11 N. E. 697; *Hurd v. Shaw*, 20 Ill. 354.

Defendant in error contends that the authorities require that such settlement be made by procurement of the plaintiff, that is, by the accused in the criminal proceeding. Such is not the case.   The authorities hold that if the accused procured the settlement, *or consented to it,* no determination of the charge against him can be held to have resulted from the dismissal of the charge.   That the settlement was made voluntarily, and with the full approval of the accused, appears conclusively from the evidence.

The error in refusing this instruction was emphasized by the giving of Instruction 14, in which the jury were instructed that malice and want of probable cause may be inferred, in a case for malicious prosecution, where the creditor, instead of prosecuting the supposed criminal, stopped short of the prosecution on receiving a less amount than claimed, and dismisses the case.   By this instruction the jury were told that the settlement which, as above stated, defeated the plaintiff's right of action, was ground for the jury's finding that two of the three essential facts of the case were established.

In 26 Cyc. at page 37, it is said:  "A settlement or an attempted settlement of a debt with the accused does not of itself show that the criminal proceedings were instituted without probable cause."

The cases cited fully support the text.   At page 43, it is said:   "Nor is the fact that the defendant abandoned, voluntarily discontinued, or suffered a dismissal to be entered, sufficient to show want of probable cause."

As this disposes of the case here, it is not necessary to consider the other questions raised.

The judgment is reversed and the cause remanded with

directions for such further proceedings as are in harmony with the views above expressed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.