Mary M. LAND, Plaintiff-Appellant,

v.

James HILL and Safeway Stores, Inc., a Maryland corporation, Defendants-Appellees.

No. 79CA0710.

Colorado Court of Appeals, Div. I.

Nov. 19, 1981.

As Modified On Denial of Rehearing Dec. 17, 1981.

Certiorari Denied March 29, 1982.

Richard M. Borchers, P. C., Richard M. Borchers, Westminster, for plaintiff-appellant.

Holland & Hart, Gregory A. Eurich, Peter C. Houtsma, Denver, for defendants-appellees.

SMITH, Judge.

Plaintiff, Mary Land, appeals from the trial court's dismissal of her claims for false arrest and malicious prosecution, as well as its finding of non-liability on the issue of outrageous conduct. We affirm.

The particulars of the incident giving rise to this litigation were hotly disputed in a trial to the court; the court found the facts to be essentially as follows.

Plaintiff was standing in a Safeway checkout line, paying for her groceries. Defendant, James Hill, the Safeway store manager, was bent over a cigarette machine a few feet away, his back to the checkout line. Plaintiff deliberately shoved two shopping carts into the back of Hill's legs, injuring his ankles. Believing he had been hit by accident, Hill hobbled over to his manager's booth.

At that point, the checker who had rung plaintiff's groceries and observed the incident, informed Hill that plaintiff had intentionally struck him with the carts. Hill approached plaintiff who responded in a verbally abusive manner, admitting what she had done, and threatening to repeat her conduct "the first chance she got." At that point, Hill took plaintiff's right arm, called his assistant to summon the police, and began to escort plaintiff to the employees' lounge at the back of the store to await the arrival of an officer.

Plaintiff, shouting obscenities, sat down in one of the store aisles, refusing to accompany Hill to the back. Hill procured the help of his assistant whose hand was bitten by plaintiff before the trio reached the employees' lounge. Hill restrained plaintiff with a pair of handcuffs until the police arrived.

Plaintiff was arrested and charged with a violation of Denver Municipal Code § 842.-3–1, entitled "Unlawful to Commit Assault." She entered a plea of guilty and her motion for deferred judgment was granted in a procedure analagous to the state statute, § 16–7–403, C.R.S.1973 (1978 Repl.Vol. 8). On December 15, 1978, following plaintiff's successful completion of the prescribed probationary period, she was permitted to withdraw her guilty plea and the action was dismissed.

## I.

Plaintiff first contends that the trial court erred in dismissing her claim of malicious prosecution and false arrest.

A malicious prosecution action based on a criminal prosecution will not lie unless the underlying criminal action was terminated in plaintiff's favor. *See Montgomery Ward & Co. v. Pherson*, 129 Colo. 502, 272 P.2d 643 (1954), and *Dodge v. Montrose Potato Growers Cooperative Ass'n.*, 34 Colo. App. 223, 524 P.2d 1394 (1974). Favorable termination is generally taken to mean a determination of not guilty or dismissal of the charges. *See Colorado Jury Instructions* § 17.1 (2d ed. 1980). And, termination resulting from negotiation, compromise, settlement, or agreement, is not considered a favorable termination. *Bell Lumber Co. v. Graham*, 74 Colo. 149, 219 P. 777 (1923).

Here, plaintiff pled guilty to assault in return for the granting of a deferred judgment. Because she successfully completed the probation period, the judgment was ultimately vacated and the criminal action dismissed.

In Colorado, the courts have not addressed the question of whether such disposition constitutes a favorable termination for the purpose of bringing a malicious prosecution action. However, we note that three courts have dealt with the issue in a deferred prosecution setting. Two federal courts have determined that New York's procedure called an adjournment in contemplation of dismissal is essentially a negotiated disposition which does not indicate that the accused is not guilty. *Singleton v. City of New York*, 632 F.2d 185 (2nd Cir. 1980), *cert. denied*, 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981); *Cardi v. Super Market General Corp.*, 453 F.Supp. 633 (E.D.N.Y. 1978). Rather, New York's adjournment procedure reflects a government policy of leniency toward certain offenders. *See Kenul v. Hollander*, 86 Misc.2d 466, 382 N.Y.S.2d 650 (1976). Because of the nature of the proceeding and the policy that it represents, such an adjournment does not constitute a favorable termination. *Singleton v. City of New York, supra; Cardi v. Super Market General Corp., supra; Kenul v. Hollander, supra.*

In our view the reasoning employed in these cases is applicable to the instant situation. Like the New York adjournment procedure, entry of a deferred judgment following a guilty plea reflects a policy of leniency toward certain offenders. It differs significantly, however, in that an admission or acknowledgement of guilt is required. And that admission of guilt occurred here, albeit with the understanding that a deferred judgment would be entered.

This deferred judgment procedure is designed solely to eliminate any criminal record for the defendant who acknowleges guilt and submits to the corrective efforts of the State. To allow such a defendant to assert innocence as a basis for a civil malicious prosecution suit would be unconscionable. Consequently, we conclude, as a matter of public policy, that one who acknowledges his guilt of a criminal act, even though the case is subsequently dismissed under the deferred judgment plan, may *not* use that criminal prosecution as a basis for a civil malicious prosecution action.

A plaintiff who wishes to maintain an action for false arrest or false imprisonment faces problems similar to one alleging malicious prosecution. In a false arrest case proof that plaintiff pled guilty or was convicted of a violation of a state law or municipal ordinance constitutes an affirmative defense to plaintiff's action. *Hushaw v. Dunn*, 62 Colo. 109, 160 P. 1037 (1916). That plaintiff pled guilty in return

for a deferred judgment, consistent with our holding above, does not alter the rule of *Hushaw.*

Plaintiff argues that the rule in *Hushaw* is inapplicable under *Enright v. Groves,* 39 Colo.App. 39, 560 P.2d 851 (1977), because she pled guilty to an offense other than the one for which she was arrested. In support of this contention, she relies on Hill's testimony that he did not decide to detain her until she threatened to repeat her action "the first chance she got." In other words, plaintiff contends she was arrested for making threats but pled guilty to battery with a grocery cart.

Plaintiff's reliance on *Enright* is misplaced. There, Mrs. Enright was arrested for failure to produce a driver's license, but was convicted for violation of a dog leash law. The arrest was totally unrelated to the crime for which Mrs. Enright was convicted. Here, the trial court properly determined that the facts did not present an *Enright* problem and that plaintiff's threats were part and parcel of a single course of conduct in which plaintiff assaulted Hill. We agree with the trial court's conclusion in this regard.

## II.

Plaintiff's next contention is that the court erred as a matter of law in ruling against her on the issue of outrageous conduct. She suggests that Hill had no right to detain her and that the manner in which she was detained constituted outrageous conduct.

Although plaintiff's claims for false arrest and imprisonment are disposed of in part I of this opinion, we hold that Hill acted well within his rights in detaining plaintiff. *People v. Olguin,* 187 Colo. 34, 528 P.2d 234 (1974); § 16–3–201, C.R.S. 1973; *Colorado Jury Instructions* § 21:10 (2d ed. 1980).

We therefore turn to the question of whether the manner in which Hill detained plaintiff constituted outrageous conduct. The question of whether certain conduct is outrageous is a question of fact. *See Enright v. Groves, supra,* citing *Rugg v. McCarty,* 173 Colo. 170, 476 P.2d 753 (1970).

Although the evidence concerning both parties' actions was conflicting, the record supports the trial court's findings concerning Hill's conduct, and we agree with the conclusion that it was not outrageous in light of plaintiff's behavior toward him. Accordingly, we will not disturb this finding on review.

## III.

Finally, plaintiff argues that the admission of evidence concerning her psychiatric history constituted prejudicial error. At the trial it was conceded that plaintiff had and continued to suffer from some form of mental illness. In fact, plaintiff was seeking damages for aggravation to a preexisting psychiatric condition. Her psychiatric condition prior to the incident was therefore clearly relevant. *Colorado Rules of Evidence* 401; *Bush v. Jackson,* 191 Colo. 249, 552 P.2d 509 (1976).

Accordingly, the judgment of the trial court is affirmed.

COYTE and VAN CISE, JJ., concur.