**CAPITAL ASSOCIATES INTERNATIONAL, INC.,**
Petitioner–Appellant,

v.

**ARAPAHOE COUNTY BOARD OF COMMISSIONERS,**
Respondent–Appellee,

and

**The Board of Assessment Appeals, Appellee.**

No. 89CA1796.

Colorado Court of Appeals, Div. V.

Nov. 8, 1990.

Ballard, Spahr, Andrews & Ingersoll, Roger P. Thomasch, Clayton A. Reeves, Mark J. Gilbert, John L. Ruppert, Denver, for petitioner-appellant.

Peter Lawrence Vana III, Arapahoe Co. Atty., Richard F. Mutzebaugh, Spec. Asst. Co. Atty., Littleton, for respondent-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Larry A. Williams, Asst. Atty. Gen., Denver, for appellee.

Opinion by Judge PLANK.

Capital Associates International, Inc. (taxpayer) appeals the order of the State Board of Assessment Appeals (BAA) denying its petition for abatement. We affirm.

In the spring of 1987, taxpayer filed a personal property tax schedule with the Arapahoe County Assessor's Office. The property listed on the schedule was then

leased to Citicorp Retail Services, Inc. (lessee).

Taxpayer received a notice of valuation and tax bill for the property in June 1987. It did not protest the valuation at that time.

Nearly eight months later, in February 1988, taxpayer forwarded the notice of valuation, the bill, and the personal property schedule to lessee. Lessee immediately notified taxpayer of errors on the schedule. Taxpayer, in turn, notified the assessor's office and, on April 15, 1988, filed a petition for abatement with the Arapahoe County Board of Commissioners (the County).

The County held a hearing June 20, 1988, and denied taxpayer's petition because taxpayer failed to pursue proper administrative remedies. Taxpayer timely appealed the County's decision to the BAA pursuant to § 39–2–125(1)(f), C.R.S. (1990 Cum. Supp.). The BAA denied its appeal.

## I.

■ Taxpayer seeks our review of the BAA's denial of its abatement petition. Such review is governed by the Colorado Administrative Procedure Act, § 24–4–106, C.R.S. (1988 Repl.Vol. 10A). *Transponder Corp. v. Property Tax Administrator,* 681 P.2d 499 (Colo.1984). *See* § 24–4–107, C.R.S. (1988 Repl.Vol. 10A).

Section 24–4–106(11)(d), C.R.S. (1988 Repl.Vol. 10A) provides that when a party seeks judicial review by the court of appeals:

"All persons who have appeared as parties to the action before the agency who are not designated as appellants shall, *together with the agency,* be designated as appellees." (emphasis added)

■ Accordingly, we hold that when judicial review of a decision of the BAA is sought, that board must be joined as a party to such proceedings.

Here, the original parties to this appeal were taxpayer and the County. However, in response to our order to show cause, taxpayer has moved for, and we have permitted, the joinder of the BAA. Hence, we may address the merits of the appeal.

## II.

■ Taxpayer contends that the BAA erred in denying its petition for abatement. It argues that the abatement statute, as amended in 1989, as a matter of law, requires the abatement of a portion of the personal property taxes levied against it in 1987. We disagree.

Section 39–10–114(1)(a)(I)(A), C.R.S. (1990 Cum.Supp.) provides for abatement of taxes which are incorrectly levied "due to erroneous valuation for assessment, irregularity in levying, or clerical error." Taxpayer contends that the 1989 amendment to the statute (set out in § 39–10–114(1)(a)(I)(A)), defining "clerical error" to include errors made by the taxpayer on the property schedule, provides it the relief it seeks. We do not agree.

Taxpayer has not considered the time limitations contained in that particular subsection. Relief under § 39–10–114(1)(a)(I)(A) is generally not available for taxes levied prior to January 1, 1988. However, the statute provides that if the valuation "is the subject of an appeal made pursuant to section 39–8–108 [C.R.S. (1990 Cum.Supp.)] which, on May 23, 1988, is pending or upon which a final order or judgment has been issued," pre–1988 levies may be abated.

Here, the taxes were levied in 1987. Thus, abatement is available to taxpayer under this statute only if the exception applies.

Section 39–8–108 concerns appeals from orders of the county board of equalization and the BAA. No appeal was pending in this matter before either of these boards on May 23, 1988. Nor had a final order or judgment been issued. Consequently, the exception does not apply, and the definition of clerical error in the 1989 statutory amendment does not make taxpayer eligible for abatement of its 1987 taxes.

Accordingly, the order of the BAA is affirmed.

CRISWELL and COYTE *, JJ., concur.