23CA1724 Peo v Pace 12-12-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1724
City and County of Denver District Court No. 02CR185
Honorable Christine C. Antoun, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Ned Pace, Jr.,

Defendant-Appellant.

ORDER AFFIRMED

Division IV
Opinion by JUSTICE MARTINEZ*
Harris and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 12, 2024

Philip J. Weiser, Attorney General, Majid Yazdi, Senior Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Ned Pace, Jr., Pro Se

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    Defendant, Ned Pace, Jr., appeals the district court's denial of his Crim. P. 35(c) motion.  We affirm.

## I.    Background

¶ 2    In 2002, a jury convicted Pace of two counts each of first degree murder, felony murder, and sexual assault.  A division of this court affirmed his convictions on direct appeal.  *People v. Pace*, (Colo. App. No. 02CA2379, May 5, 2005) (not published pursuant to C.A.R. 35(f)).

¶ 3    In 2008, Pace filed a pro se Crim. P. 35(c) motion alleging various trial errors and ineffective assistance of trial counsel.  The district court denied the motion, and Pace did not appeal.

¶ 4    In 2009, Pace filed a second pro se Crim. P. 35(c) motion alleging ineffective assistance of counsel.  The district court denied the motion, and a division of this court affirmed.  *People v. Pace*, (Colo. App. No. 10CA0368, Mar. 24, 2011) (not published pursuant to C.A.R. 35(f)).

¶ 5    In 2023, Pace filed the Crim. P. 35(c) motion at issue.  As relevant here, he claimed that newly discovered evidence established that the trial judge was biased in favor of the

prosecution and that he was subject to malicious prosecution. He also requested appointment of counsel and a hearing.

¶ 6 The district court denied the motion without appointing counsel and without holding a hearing.

## II. Discussion

¶ 7 On appeal, Pace specifically reasserts his claim that newly discovered evidence establishes judicial bias and malicious prosecution. He also argues that the district court erred by not appointing counsel and holding an evidentiary hearing. Even if we assume that Pace's claims are not barred as successive under Crim. P. 35(c)(3)(VII), we disagree with his contentions.

¶ 8 To the extent Pace made additional arguments in his motion, he has abandoned them by not reasserting them on appeal. *See People v. Hunsaker,* 2020 COA 48, ¶ 10, *aff'd,* 2021 CO 83.

¶ 9    And to the extent Pace raises issues on appeal that he did not raise in the district court, we decline to address any such issues.[1] *See People v. Cali*, 2020 CO 20, ¶ 34 ("[A]lthough we will broadly construe a pro se litigant's pleadings to effectuate the substance, rather than the form, of those pleadings, we will not consider issues not raised before the district court in a motion for postconviction relief.").

### A.    Standard of Review and Applicable Law

¶ 10    We review de novo whether a postconviction court erred by denying a Crim. P. 35(c) motion without a hearing. *Id.* at ¶ 14. Courts may deny a Crim. P. 35(c) motion without a hearing when the motion, files, and record establish that a defendant's allegations are without merit and do not warrant postconviction relief. Crim. P. 35(c)(3)(IV); *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003).

---

[1] Although Pace did not make these arguments in the district court, on appeal he contends that (1) there was a lack of evidence on an element of the crime; (2) he was denied the presumption of innocence; (3) the trial court and the prosecutor "would not allow" two witnesses to testify "together"; (4) the prosecutor conspired with a DNA analyst and others against him; and (5) the trial court changed the original autopsy report.

¶ 11    "Motions for a new trial based upon newly discovered evidence are looked on 'with great disfavor,' and the defendant has the burden of proving a new trial is warranted under a four-part test." *People v. Bueno*, 2013 COA 151, ¶ 24 (quoting *People v. Hopper*, 284 P.3d 87, 92 (Colo. App. 2011)), *aff'd*, 2018 CO 4.  Specifically, the defendant must show that (1) the evidence was discovered after the trial; (2) the defendant and his counsel exercised diligence to discover all possible evidence favorable to the defendant prior to and during the trial; (3) the newly discovered evidence is material to the issues involved, and not merely cumulative or impeaching; and (4) on retrial, the newly discovered evidence would probably produce an acquittal.  *Id.* at ¶ 27.

## B.    Judicial Bias

¶ 12    "[A] defendant asserting bias on the part of a trial judge must establish that the judge had a substantial bent of mind against [them]." *People v. Jennings*, 2021 COA 112, ¶ 28 (quoting *People v. Drake*, 748 P.2d 1237, 1249 (Colo. 1988)).

¶ 13    As best we understand his argument, Pace asserts that the trial judge was biased in favor of the prosecution because (1) she previously worked as a deputy district attorney in the same office as

the prosecutor in this case; (2) she appeared on behalf of the prosecution at hearings in Pace's 1995 case; and (3) she directed a verdict for the prosecution in this case.

¶ 14    Regarding Pace's first two assertions of bias, these do not qualify as newly discovered evidence. The trial judge's history as a district attorney, her coworking relationship with the prosecutor, and her involvement in Pace's 1995 case were known at the time of Pace's trial. Indeed, Pace filed a motion to disqualify the trial judge for these very reasons.

¶ 15    As to Pace's third assertion of bias, the record is devoid of evidence that a motion for a directed verdict was made during Pace's trial. Moreover, the district court instructed the jury that, "[i]f you accept [Defendant's] theory, you must find the Defendant not guilty."

¶ 16    Accordingly, we conclude that no newly discovered evidence exists to establish judicial bias, and the district court did not err by denying Pace's claim.

### C. Malicious Prosecution

¶ 17 Pace also contends that he was subject to malicious prosecution, which resulted in prosecutorial misconduct in his case.

¶ 18 However, malicious prosecution is a tort claim that "compensate[s] a person sued in a malicious and baseless legal action for attorney fees, costs, psychic damage, and loss of reputation." *Hewitt v. Rice*, 119 P.3d 541, 544 (Colo. App. 2004), *aff'd*, 154 P.3d 408 (Colo. 2007). Alleged malicious prosecution does not provide a basis for criminal postconviction relief. Therefore, we will not consider Pace's claim, and we conclude that the district court did not err by denying it.

### D. Postconviction Counsel and Evidentiary Hearing

¶ 19 Having so concluded, we reject Pace's corresponding contention that he was entitled to postconviction counsel and a hearing. *See People v. Nozolino*, 2023 COA 39, ¶ 34 ("[T]he statutory right to postconviction counsel is triggered when the 'motion' or 'petition' is not wholly unfounded."); *Ardolino*, 69 P.3d at 77 (a court may deny a Crim. P. 35(c) motion without a hearing

when the motion, files, and record establish that the allegations are without merit).

III.   Disposition

¶ 20   The order is affirmed.

JUDGE HARRIS and JUDGE YUN concur.