FILED
United States Court of Appeals
Tenth Circuit

June 23, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TERRENCE M. WYLES,

    Plaintiff - Appellant,

v.

ALLEN ZACHARY SUSSMAN; LOEB & LOEB LLP,

    Defendants - Appellees,

and

ALUMINAID INTERNATIONAL, A.G.; WEST HILLS RESEARCH & DEVELOPMENT, INC., f/k/a Aluminaid, Inc.; CARL J. FREER; JAMES JOHN HUNT; ADAM FREER, f/k/a Adam Agerstam; JULIA FREER-AGERSTAM, f/k/a Julia Agerstam; DAVID ANDREW WARNOCK; ALEX ARENDT,

    Defendants.

No. 24-1226
(D.C. No. 1:17-CV-01868-RBJ)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.[**]

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

_____

## I.    INTRODUCTION

Plaintiff Terrence M. Wyles appeals the district court's grant of summary judgment in favor of Defendants Allen Zachary Sussman and Loeb & Loeb, LLP on his claim of malicious prosecution. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## II.    BACKGROUND

Wyles is a Colorado attorney who briefly worked as in-house counsel for Aluminaid, Inc., which terminated him in April 2013. In July 2013 the company, under the new name of West Hills Research and Development, Inc., sued Wyles in California state court. The complaint asserted 12 causes of action, including claims for breach of fiduciary duty, misappropriation of trade secrets, and intentional and negligent interference with economic advantage. Loeb & Loeb represented West Hills in the lawsuit, and Sussman was a partner at the firm.

In September 2016 the California court learned that West Hills' corporate status had been suspended. It issued an order to show cause why the case should not be dismissed "if the status issue is not taken care of." Aplt. App., Vol. I at 145. Then, "[b]ased on the representation of counsel that [West Hills' corporate status] is still suspended," the court in October dismissed the case without prejudice "for [West Hills'] failure to be able to proceed as a corporate entity." *Id.* at 150.

In August 2017 Wyles filed the present action in the United States District Court for the District of Colorado, raising multiple claims against multiple

2

defendants. Among the claims was a claim against Defendants for malicious prosecution arising out of their involvement in the California lawsuit. Defendants successfully moved for summary judgment on that claim. The court ruled that Wyles could not establish one of the elements of malicious prosecution—that the California lawsuit "was terminated in [his] favor." *Id.*, Vol. IV at 485. Judgment has been entered on all claims against all defendants.

This appeal concerns only the court's summary judgment on the malicious-prosecution claim.

## III.    DISCUSSION

### A.    Standard of Review

"We review the district court's grant of summary judgment de novo, applying the same legal standard that the district court is to apply." *N.H. Ins. Co. v. TSG Ski & Golf, LLC*, 128 F.4th 1337, 1344 (10th Cir. 2025). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

When, as in this case, a federal court is exercising diversity jurisdiction, it must apply "state law to the substantive issues of the appeal[] and determine which state's law applies by using the forum state's choice-of-law rule." *Gorsuch, Ltd. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1236 n.7 (10th Cir. 2014). The parties disagree over whether Colorado or California law applies to this action. But because the parties *agree* that there is no outcome-determinative conflict between Colorado

3

and California law as to the malicious-prosecution claim, we need not resolve the choice-of-law issue. *See Dummar v. Lummis*, 543 F.3d 614, 619 (10th Cir. 2008).

### B.    Malicious Prosecution

The parties do not dispute that in both Colorado and California, a claim for malicious prosecution requires the plaintiff to establish that the previous action, which was allegedly prosecuted maliciously (here the suit against Wyles by West Hills), ended in his favor. *See Hewitt v. Rice*, 154 P.3d 408, 411 (Colo. 2007) ("Generally, to prevail on a claim for malicious prosecution, the following elements must be satisfied: (1) the defendant contributed to bringing a prior action against the plaintiff; (2) *the prior action ended in favor of the plaintiff*; (3) no probable cause; (4) malice; and (5) damages." (emphasis added)); *Parrish v. Latham & Watkins*, 400 P.3d 1, 7 (Cal. 2017) ("The common law tort of malicious prosecution . . . consists of three elements. The underlying action must have been: (i) initiated or maintained by, or at the direction of, the defendant, *and pursued to a legal termination in favor of the malicious prosecution plaintiff*; (ii) initiated or maintained without probable cause; and (iii) initiated or maintained with malice." (emphasis added and citations and internal quotation marks omitted)). In particular, the termination must be based on the merits of the previous action in a manner indicating the nonliability of the malicious-prosecution plaintiff. *See Hewitt*, 154 P.3d at 410 ("Favorable termination is a question of law requiring an action *to be resolved on the merits* in favor of the party claiming malicious prosecution." (emphasis added)); *Hewitt*, 119 P.3d 541, 544 (Colo. App. 2004), *aff'd*, 154 P.3d. 408 ("To show a termination in one's favor, a

plaintiff must prove that the court passed on the merits of the charge or claim against him in such circumstances as to show one's innocence or non-liability, or show that the proceedings were terminated or abandoned at the instance of the defendant in circumstances that fairly imply the plaintiff's innocence." (internal quotation marks omitted)); *Siebel v. Mittlesteadt*, 161 P.3d 527, 531 (Cal. 2007) (to establish favorable termination "the termination must *reflect the merits of the action* and plaintiff's innocence of the misconduct alleged in the lawsuit" (emphasis added and internal quotation marks omitted)).

Wyles argues that the district court erred in determining that he could not satisfy the favorable-termination element of malicious prosecution. He contends that "there is no question" that the California lawsuit was terminated in his favor, "as he was no longer subject to the liability which Defendants sought to impose on him." Aplt. Br. at 8. We disagree. That is not the standard for favorable termination.

Here, the California court dismissed West Hills' action against Wyles without prejudice because the company's corporate status was suspended, and it therefore lacked the legal capacity to sue. *See Casiopea Bovet, LLC v. Chiang*, 12 Cal. App. 5th 656, 662 (Cal. Ct. App. 2017) ("A corporation that has had its powers suspended lacks the legal capacity to prosecute or defend a civil action during its suspension." (internal quotation marks omitted)). The court's order stated: "Based on the representation of counsel that [West Hills] is still suspended, this case is DISMISSED for [West Hills'] failure to be able to proceed as a corporate entity." Aplt. App., Vol. I at 150. The notice of ruling stated that "[t]he court dismissed the

5

entire action without prejudice." *Id.* at 152. In no way did this ruling reflect on the merits of West Hills' legal claims against Wyles. Indeed, the suit could be revived if West Hills regained corporate status.

Although Wyles maintains that Colorado law applies, he argues in the alternative that "[i]n some circumstances, if there is a termination other than on the merits, California creates a jury issue as to whether the termination was favorable." Aplt. Br. at 8. For support, he cites *Fuentes v. Berry*, 38 Cal. App. 4th 1800, 1808 (Cal. Ct. App. 1995). But that case stands only for the proposition that if there is a conflict "as to the circumstances explaining a failure to prosecute an action further, the determination of the reasons underlying the dismissal is a question of fact." *Id.* at 1808. Here, however, there is no question about the circumstances or reasons underlying the termination of the California lawsuit. The court unequivocally dismissed the action because West Hills' corporate status was suspended, not because the company's claims against Wyles were without merit.

We agree with the district court's ruling that Wyles cannot establish a necessary element of malicious prosecution.

## IV.    CONCLUSION

We **AFFIRM** the judgment below.

Entered for the Court

Harris L Hartz
Circuit Judge

6